UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARLTON DUNBAR,

    Petitioner,

v.                                        Case No.: 5:19-cv-657-T-27PRL
                                        Criminal Case No.: 5:18-cr-21-T-27PRL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner Dunbar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (cv Dkt. 1). After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] the motion is due to be summarily denied because it plainly appears from the motion and record of prior proceedings that Dunbar is not entitled to relief. A response from the Government is therefore not necessary.

## PROCEDURAL BACKGROUND

Dunbar pleaded guilty pursuant to a written plea agreement, to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). (cr Dkt. 122). He was sentenced to 48 months in prison, followed by 3 years of supervised release. (cr Dkt. 143). Judgment was entered on October 15, 2019. (Id.). There was no appeal.

Dunbar raises the following claims in his § 2255 motion to vacate and affidavit in support:

1. "That the United States Attorney . . . failed to comply with Rule 6 of Federal

---

[1] Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

1

Rules of Criminal Procedures. Which violated affiants U.S. Constitutional right under the 5th Amendment that deprived affiant of procedural due-process from the deliberate bypassing of the District Courts' rules of the Federal Rules of Criminal Procedure."

2. "That, [the] Federal Public Defender . . . failed to object to the Government's lack of compliance with the Grand Jurys' drawing, and selecting process of legally qualified Grand Jurors. Which has caused, and continues to cause, prejudice and injury to affiants defense, which violated affiants 6th Amendment right to effective assistance of counsel, and, Rule 6 of the Federal Rules of Criminal Procedure."

3. "That, trial counsel . . . failed to challenge the Governments True Bill Indictment after affiant directed his attention to the fact that the Government's True Bill Indictment lacked Certification & Registration (sealed) of the Clerk of Court, of the United States District Court following the signature of the Grand Jury foreperson."

4. "That, Rule 6 of the Federal Rules of Criminal Procedures states that (all) United States True Bill Indictments must be returned in open court before a Magistrate Judge, and, Certified by the Clerk of Court by the Grand Jurys Foreperson immediately following the return of a True Bill Indictment."

5. "That the Government's True Bill Indictment in affiants case (United States v. Carlton Dunbar Case No. 5:18-cr-21-OC-27PRL) lacks Certification and (seal) of the Clerk for the United States District Court."

6. "That affiant has no record that twelve or more (legally qualified) Grand Jurors existed and returned a True Bill Indictment charging affiant with a Federal offense."

7. "That there is no available (transcripts) of 12 or more legally qualified Grand Jurors return of a True Bill Indictment in open court which charged affiant with a crime as required under Rule 6 of Federal Rules of Criminal Procedures. Affiant believes he was 'shamed' by the Government and counsel, as a 'ham sandwich' theory which trial counsel often joked that the Government can indict a 'ham sandwich.'"

8. "That the alleged victim was never identified by full name, as a living person, prison-inmate, in the Government's True Bill Indictment."

9. "That the Government never informed affiant of the amount of penalty the Government sought to collect by the Court in the Indictment."

(cv Dkt. 1 at 12-13) (alterations in original).[2]

---

[2] Dunbar numbered his claims differently in his affidavit. The claims have been renumbered to efficiently address each claim. Notably, in the prescribed § 2255 form motion, he includes one ground for relief, "Ineffective

## DISCUSSION

Dunbar raises nine claims in his § 2255 motion, all of which relate to his indictment. (cv Dkt. 1). However, in his motion and affidavit, two ineffective assistance of counsel claims are made. For the reasons discussed, all claims were waived by his guilty plea.

A defendant who enters a guilty plea waives all non-jurisdictional challenges to his conviction, including pre-plea ineffective assistance of counsel which do not relate to the decision to plead guilty. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). None of his claims relate to his decision to plead guilty. It follows, therefore, that by pleading guilty, he waived his claims relating to the indictment and grand jury procedures.[3] And he fails to identify any

---

Assistance of Counsel." (cv Dkt. 1 at 4). Notwithstanding, he includes the following "supporting facts,"

> Petitioner was denied the opportunity to challenge the legal qualifications during the drawing, and selecting process of individual Grand Jury Candidates. Petitioner contends that the Governments' True Bill Indictment was not (Certified and Registered) with the Clerk of Court, after the Grand Jury Foreperson allegedly returned the True Bill Indictment against Petitioner in this instant case. (See True Bill Indictment attached, Exhibit-A)—Lack of certification of the Clerk of Court following Forepersons signature on Indictment. Rule 6 of Federal Rules of Criminal-Procedures requires the Clerk to certify, and register, a Grand Jurys return of a True Bill Indictment following the signature of the Grand Jury Foreperson. Furthermore, Petitioner was exceedingly prejudiced from the Governments prosecution by the True Bills Indictment which lacked Certification and Registration by the Clerk of Court, following the alleged return in open court, of the Grand Jurys True Bill Indictment. Because the Governments failure to comply with Rule 6 of Federal Rules of Criminal Procedures, and trial counsels failure to object to the Governments procedural due-process of Rule 6 of Federal Rules of Criminal Procedure. Where both trial counsel, and the Government, knew, or should have known, that Petitioners' rights under the 5th & 6th Amendment of the U.S. Constitution, and, Rule 6 of Federal Rules of Criminal Procedure were violated and procedurally bypassed in violation of the laws of the United States, and the courts rules.

(Id.) (alterations in original).

This Court is mindful of its responsibility to address and resolve all claims raised in Dunbar's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). It appears the claims he raises in the prescribed § 2255 form motion mirror the claims raised in his "affidavit in support." (cv Dkt. 1 at 12-13).

[3] *See also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty is not entitled to raise a claim that the grand jury was unconstitutionally selected); *United States v. Coleman*, 653 F. App'x 712, 713 (11th Cir. 2016) (finding that petitioner "waived his right to raise on appeal his argument about prosecutorial misconduct during the grand jury proceedings"); *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) (finding that the failure to return an indictment in open court as required by Rule 6(f) is merely a non-jurisdictional, procedural defect); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (stating that "a guilty plea waives all non-

3

jurisdictional defects in the indictment.[4] Claims one, four, five, six, seven, eight, and nine are therefore due to be summarily dismissed.[5] *See Tollett*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

In claims two and three, Dunbar alleges ineffective assistance of counsel. His allegations, however, do not demonstrate that the knowing and voluntary nature of his guilty plea was undermined by anything his attorneys said or did, or failed to say or do. It follows, therefore, that his complaints about his attorneys' failure to object to the indictment or grand jury procedures are not about his decision to plead guilty and could not have undermined the knowing and voluntary nature of his guilty plea. *Wilson*, 962 F.2d at 997; *Hutchins v. Secretary for Dept. of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008). Rather, any alleged deficiencies in counsels' performance were subsumed within his decision to plead guilty.[6] Claims two and three are therefore due to be summarily dismissed.

## CERTIFICATE OF APPEALABILITY ("COA")

Dunbar is not entitled to a COA. To obtain a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

---

jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process").

[4] *See also United States v. Cotton*, 535 U.S. 625, 631 (2002) (concluding that a defective indictment does not deprive a court of jurisdiction).

[5] Moreover, Dunbar failed to challenge the validity of the indictment before this Court or on direct appeal. These claims, therefore, are procedurally defaulted. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

[6] *See Angel v. United States*, Case No. 8:05-cv-667-T-30MAP, 2007 WL 433465, at *5 (M.D. Fla. Feb. 8, 2007) ("Once Petitioner changed his plea to guilty, he waived his ineffective counsel claim for counsel's failure to challenge the . . . indictment.").

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). He cannot make this showing and is therefore not entitled to a COA or to appeal *in forma pauperis*.

## CONCLUSION

Dunbar's § 2255 motion (cv Dkt. 1) and Motion for Permission to Appeal *In Forma Pauperis* (cv Dkt. 2) are **DENIED**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this 21st day of January, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record, U.S. Attorney's Office